Mr. James F. Gray City Attorney Port Saint Lucie 200 South Second Street Fort Pierce, Florida 33450
Dear Mr. Gray:
This is in response to your request for an opinion on substantially the following question:
 WHAT IS THE EXTENT OF THE JURISDICTION OF THE CITY OF PORT SAINT LUCIE CODE ENFORCEMENT BOARD, SPECIFICALLY, WHAT IS THE MEANING OF THE TERM `TECHNICAL CODES' AS USED IN s 162.02, F.S.?
Your letter states that the City of Port Saint Lucie Code Enforcement Board currently has cases pending in which violations of city ordinances are alleged. A number of these alleged violations do not represent infractions of the codes set forth as included within the scope of s 162.02, F.S. (1982 Supp.), and your question is therefore whether the code enforcement board has any jurisdiction over such cases. You have provided examples of the types of violations about which the jurisdiction of the City of Port Saint Lucie Code Enforcement Board is in question: abandoned vehicles in residential areas; junk and litter in residential areas; noise violations; discharge of firearms within city limits; animal control violations; illegal parking of recreational vehicles; failure to mow grass in residential areas; failure to have house numbers displayed; engaging in prohibited activities in city parks.
The Legislative intent of the `Local Government Code Enforcement Boards Act,' ss 162.01-162.13, F.S. (1982 Supp.), is established in s 162.02, F.S. (1982 Supp.), as providing `an equitable, expeditious, effective, and inexpensive method of enforcing the technical codes in force in counties and municipalities, including, but not limited to, occupational license, fire, building, zoning, and sign codes.' (e.s.) To accomplish this purpose, the act authorizes each county or municipality to create by ordinance, at its option, a local government code enforcement board. Section 162.03(1), F.S., supra.
Prior to its amendment by Ch. 82-37, Laws of Florida, this section (formerly s 166.052, F.S.) provided for `enforcing the various occupational license, fire, building, zoning, sign and related technical codes in force in municipalities.' In an opinion regarding the jurisdiction of a municipal code enforcement board under s 166.052, F.S., this office stated that the code enforcement board's jurisdiction was limited to the various occupational license, fire, building, zoning, sign and related technical codes as set forth in the Municipal Code Enforcement Boards Act. It was concluded that the jurisdiction of the board did not extend to, and the exercise of its jurisdiction was impliedly prohibited over, all other ordinances enacted by a municipality, including those concerned with parking and traffic violations and all misdemeanors and other offenses adopted and provided for by municipal ordinance. See, AGO 81-25.
Subsequent to the issuance of this opinion the statutory provision was amended by Ch. 82-37, Laws of Florida, to the effect that the act now provides, inter alia, a `method of enforcing the technicalcodes in force in . . . municipalities, including, but not limitedto, occupational license, fire, building, zoning, and sign codes.' (e.s.) The word `include' is usually a term of enlargement, not of limitation, and conveys the conclusion that there are other items includable, though not specifically enumerated by statute. See, Argosy Limited v. Hennigan, 404 F.2d 14 (5th Cir. 1968). Therefore, s 162.02, F.S. (1982 Supp.), appears to extend the jurisdiction of municipal code enforcement boards rather than limit the jurisdiction of such boards to those specifically enumerated. See, Committee on Community Affairs, staff analysis of CS/HB 421 (now s 162.02, F.S. [1982 Supp.]) which states that this amendment `provid[es] expanded scope for various types of municipal and county ordinances,' and further comments that Ch. 82-37, Laws of Florida, would alleviate the problem delineated in AGO 81-25 (board limited to the codes specifically enumerated in former s 166.052, F.S.), for county and municipal code enforcement boards.
To the extent that Ch. 162, F.S., limits the jurisdiction of local government code enforcement boards to enforcing technical codes it is a general rule of statutory construction that where a statute enumerates the things on which it is to operate, it is to be construed as excluding from its operation all things not expressly mentioned therein; expressio unius est exclusio alterius. Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Thayer v. State, 335 So.2d 815 (Fla. 1976). While Ch. 162, F.S. (1982 Supp.), increases the variety of technical codes over which municipal code enforcement boards have jurisdiction, such boards are strictly limited to enforcing technical codes.
Words in statutes should be given the meaning accorded to them in common usage unless a different connotation is expressed in or necessarily implied from the context of the statute in which they appear. See, Gaulden v. Kirk, 47 So.2d 567, 574 (Fla. 1950); Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). See generally, 30 Fla. Jur. Statutes s 81. As no definition of the term `technical' or of `technical codes' has been provided in Ch. 162, F.S. (1982 Supp.), from which guidance may be obtained, the term must be construed in its plain and ordinary sense. I have found no dictionary or judicial definition of the term `technical codes.' The word `technical' has been defined as: peculiar to or characteristic of a particular art, science, profession, trade, etc., or using terminology or treating subject matter in a manner peculiar to a particular field, The Random House Dictionary of the English Language 1458 (Unabridged ed. 1967). See also, Black's Law Dictionary 1632 (Rev. 4th ed. 1968), 86 C.J.S. Technical p. 2 (defining `technical' to mean belonging to or peculiar to an art or profession).
By reading s 162.02 (1982 Supp.), together with the definition of `technical' provided above which seems applicable in this context, it would appear that local government code enforcement boards have jurisdiction over local codes which relate to a particular profession, trade or skill and codes such as occupational license, fire, building, zoning and sign codes and other codes of a similar nature. It would appear therefore, that the particular local ordinance violations which you have enumerated such as abandoned vehicles, litter and junk, noise, animal control, parking and other violations do not come within the purview of s 162.02, F.S. (1982 Supp.), unless such activities are proscribed by and included within the terms of the municipality's zoning or sanitary or fire code or other similar code.
In the absence of any discernable legislative intent to further delimit the scope or jurisdiction of a local government code enforcement board, the jurisdiction of such a board is restricted to the enforcement of local codes relating to a particular art, science, profession, trade or skill and to those such as are set forth in s 162.02, F.S. (1982 Supp.), and codes of a similar nature, and that the board's jurisdiction does not extend to, and the exercise of its jurisdiction is impliedly prohibited over, all other ordinances enacted by a municipality, including those concerned with parking and traffic violations and all misdemeanors and other offenses adopted and provided for by municipal ordinance.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General